Alexander OSTROWER and Karolina Ostrower, Appellants,

v.

GICHNER, Inc., a corporation, Appellee.

No. 1718.

Municipal Court of Appeals for the District of Columbia.

Submitted Jan. 9, 1956.

Decided Feb. 17, 1956.

Allen M. Mesirow, Washington, D. C., for appellants.

John A. Beck, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This action was brought to recover damages for an alleged breach of warranty. Appellants had engaged appellee corporation to roof appellants' new home then under construction. Upon completion appellants found leaks beneath the sundeck. After notification to the corporation ap-

pellants called in another roofer who made certain repairs, including the placing of tile over the roofing material laid by the corporation. Thereafter the corporation sued appellants in the United States District Court for the District of Columbia for the amount claimed under their agreement and appellants counterclaimed for the money they had expended for repairs. That suit was settled by the corporation reducing its claim and the dismissal of the counterclaim. As part of the settlement the corporation acknowledged the payment in full of its claim and promised that "a written guarantee for the roofing work" would be mailed "within the next three days," and that the "form and substance of the guarantee shall be in the usual form and have a period of time normally given for this type of roofing job by roofing contractors as a standard guarantee." Whether a guarantee was ever issued is in dispute. The corporation claimed that a one-year guarantee was forwarded to appellants. Appellants say that a one or two-year guarantee was offered by telephone but was rejected as not being in the standard form of guarantee promised. Over a year after the settlement of the District Court suit, leaks again developed beneath the sundeck. Appellants demanded that the corporation remedy the situation. It declined to do so, contending that the difficulty was not the result of any defect of material or workmanship on its part. The present action was then brought and resulted in a verdict and judgment for the corporation.

Appellants assign seven claims of error. Examination of the record convinces us that there was no error affecting the substantial rights of the parties. The case was fully tried and the trial court, without benefit of written request for instructions from either party, clearly and fully instructed the jury as to the issues of fact and the relevant principles of law. On motion for new trial the trial court found no basis for disturbing the verdict of the jury. Neither do we.

Affirmed.